UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BRIAN NUCKOLS,

   Plaintiff,

v.               Case No. 07-12424

MEIJER, INC.

   Defendant.
              /

**OPINION AND ORDER GRANTING IN PART DEFENDANT'S "MOTION FOR SUMMARY JUDGMENT" AND REMANDING THE STATE LAW CLAIMS**

Pending before the court is Defendant Meijer Inc.'s "Motion for Summary Judgment."[1] Having reviewed the motion and supporting briefs, the court concludes that a hearing is not necessary. E.D. Mich. LR 7.1(e)(2). For the reasons stated below, the court will grant Defendant's motion.

**I. BACKGROUND**

Plaintiff Brian Nuckols alleges that in December 2006 he attempted to buy some salads at Defendant's store. (Am. Compl. at 1-2, Def.'s Ex. 1.) Plaintiff alleges that Defendant used deceptive price labeling, by raising the price and then advertising a price drop for a salad and by stating three different prices for another salad. (*Id.*) Plaintiff filed his complaint in Oakland County Circuit Court, alleging violations of the Michigan Consumer Protection Act, Mich. Comp. Laws §§ 445.356 and 903 and the

---

[1]For ease of docket administration, the court will use Defendant's label for the motion. The court recognizes, however, that the motion is in fact a motion to dismiss, as it relies exclusively upon the pleadings and Federal Rule of Civil Procedure 12.

Federal Trade Commission Act, 15 U.S.C. §§ 45 and 52.[2] Defendant removed the case to federal court on June 5, 2007 and two days later filed the instant motion. Plaintiff, in response to the motion attempts to broaden his complaint to include allegations of Defendant's overcharging twenty and six cents, respectively, for tuna and lima beans at other stores in Oakland and Wayne County. (Pl.'s Res. at 2-4, 8.) Because Plaintiff did not seek leave to amend his complaint under Federal Rule of Civil Procedure 15, the court will not consider these additional allegations.[3]

## II.  STANDARD

Rule 12(b)(1) motions to dismiss based upon subject matter jurisdiction usually appear in two forms: facial and factual. *Ohio Nat'l Life Ins. Co. v. United States*, 922 F.2d 320, 325 (6th Cir. 1990). Defendant's motion is facial. Such motions attack subject matter jurisdiction as alleged by the complaint and question the sufficiency of the pleading. *Id.* In reviewing such a facial attack, a trial court takes the allegations in the complaint as true. *Id.*

In ruling on a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the court must construe the complaint in a light most favorable to the plaintiff, accept all the factual allegations as true, and determine whether the plaintiff undoubtedly can

---

[2] Plaintiff also relied on the Restatement (Second) of Torts, which the court will not consider because as an academic treatise it does not, of its own authority, provide for a private cause of action.

[3] Even if the additional allegations were properly before the court, its analysis below of the dispositive issues of standing and supplemental jurisdiction would not change.

prove no set of facts in support of his claims that would entitle him to relief. *Perry v. Am. Tobacco Co.*, 324 F.3d 845, 848 (6th Cir. 2003); *Bibbo v. Dean Witter Reynolds, Inc.*, 151 F.3d 559, 561 (6th Cir. 1998); *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996).

## III.  DISCUSSION

### A.  Plaintiff Lacks Standing to Bring His Federal Claims

Because the FTCA does not grant Plaintiff standing to bring his claims, the court must dismiss those claims. The statute states that, with some exceptions concerning what entities are regulated, the Federal Trade Commission is "empowered and directed to prevent persons, partnerships, or corporations . . . from using unfair methods or competition in or affecting commerce and unfair or deceptive acts or practices in or affecting commerce." 15 U.S.C. § 45(a)(2). The Sixth Circuit has interpreted the FTCA and concluded that "Congress has clearly limited the invocation of the [FTCA] to the Commission itself." *Federal Trade Comm'n v. Owens-Corning Fiberglass Corp.*, 853 F.2d 458 (6th Cir. 1988) (citing *Alfred Dunhill, Ltd. v. Interstate Cigar Co.*, 499 F.2d 232, 237 (2d Cir. 1974). Plaintiff therefore may not invoke the FTCA for his private cause of action.

### B.  The Court Will Not Exercise Supplemental Jurisdiction over the State Claims

The court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367(a). A district court may decline to exercise jurisdiction over claims allowed in federal court pursuant to subsection (a) if "the district court has dismissed all claims over which it has original jurisdiction[.]" 28 U.S.C. § 1367(c). The court, pursuant

to the above analysis, has dismissed all claims in this case over which it had original jurisdiction. Given the early stage of litigation, considerations of judicial economy do not weigh in favor of further proceedings resolving the state claims. *See e.g. United Mine Workers of America v. Gibbs*, 383 U.S. 715, 726-727 (1966) ("[if it appears that the state issues substantially predominate, whether in terms of proof, of the scope of the issues raised, or of the comprehensiveness of the remedy sought, the state claims may be dismissed without prejudice and left for resolution to state tribunals."). The court will therefore decline to reach Plaintiff's remaining claims under state law.

## IV.  CONCLUSION

IT IS ORDERED that Defendant's "Motion for Summary Judgment" [Dkt #6] is GRANTED IN PART.  Specifically, Plaintiff's federal claims are DISMISSED WITH PREJUDICE.[4]

IT IS FURTHER ORDERED that Plaintiff's state law claims are REMANDED to the Oakland County Circuit Court.

                                             S/Robert H. Cleland
                                             ROBERT H. CLELAND
                                             UNITED STATES DISTRICT JUDGE

Dated:  June 26, 2007

---

[4] Because the motion is in substance a motion to dismiss, the court will not issue a separate judgment.

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, June 26, 2007, by electronic and/or ordinary mail.

                                                        S/Lisa Wagner
                                             Case Manager and Deputy Clerk

(313) 234-5522