# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

BRIAN NUCKOLS,

    Plaintiff,

v.                                                 Case No. 07-12424

MEIJER, INC.

    Defendant.
                                         /

## OPINION AND ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION AND STRIKING THE AMENDED COMPLAINT

Pending before the court is Plaintiff's "Motion for Reconsideration," filed July 2, 2007, and Plaintiff's "Amended Complaint," filed on July 3, 2007. Having reviewed the motion and supporting briefs, the court concludes that a hearing is not necessary. E.D. Mich. LR 7.1(e)(2). For the reasons stated below, the court will deny Plaintiff's motion and strike the amended complaint.

## I. BACKGROUND

Plaintiff Brian Nuckols alleges that on December 24, 2006, Defendant Meijer, Inc., a large retail and grocery store chain, intentionally used deceptive price labeling on two separate items at a Southfield, Michigan location. Plaintiff specifically alleges that Defendant raised and then advertised a price reduction for a caesar salad kit as well as marked three different prices for an Italian salad kit. (Am. Compl. at 1-2, Def.'s Ex. 1.) After notifying the store manager of these inconsistent prices and receiving an unsatisfactory explanation, Plaintiff declined to purchase both items. (*Id.*)

Plaintiff subsequently filed a complaint in Oakland County Circuit Court, alleging violations of the Michigan Consumer Protection Act, Mich. Comp. Laws §§ 445.356 and 903, and the Federal Trade Commission Act, 15 U.S.C. §§ 45 and 52.  Defendant removed the case to federal court on June 5, 2007 and two days later moved for summary judgment.  Plaintiff subsequently filed a response and brief in opposition to the summary judgment on June 21, 2007.  The court granted summary judgment on June 26, 2007.

Plaintiff moved for reconsideration July 2, 2007 and filed an amended complaint on July 3, 2007.  The amended complaint specifically alleges that Defendant used deceptive pricing and overcharged Plaintiff twenty cents on a can of Star-Kist Tuna and six cents on a package of lima beans on two later occasions at two additional Meijer stores in the metro Detroit area.  (Am. Comp. at 2.)

## II. STANDARD

Pursuant to Rule 7.1(g) of the Local Rules for the Eastern District of Michigan, a motion for reconsideration shall only be granted if the movant can (1) "demonstrate a palpable defect by which the court and the parties have been misled," and (2) show that "correcting the defect will result in a different disposition of the case."  E.D. Mich. LR 7.1(g)(3).  "A 'palpable defect' is 'a defect that is obvious, clear, unmistakable, manifest, or plain.'"  United States v. Lockett, 328 F. Supp. 2d 682, 684 (E.D. Mich. 2004) (citing United States v. Cican, 156 F. Supp. 2d 661, 668 (E.D. Mich. 2001)).  A motion for reconsideration that fails to raise additional issues not already decided, either expressly or by reasonable implication, will not be granted.  E.D. Mich. LR 7.1(g)(3); Czajkowski v. Tindall & Assocs., P.C., 967 F.Supp. 951, 952 (E.D. Mich. 1997).

## III. DISCUSSION

### A. Plaintiff's Motion for Reconsideration

Plaintiff's "Motion for Reconsideration" fails to raise any palpable defects that would justify the court's reconsideration of its prior order granting summary judgment. The court ruled that the Plaintiff lacks standing to bring his federal claims because the FTCA does not permit individuals to invoke 15 U.S.C.§ 45(a)(2). *Federal Trade Comm'n v. Ownes-Corning Fiberglass Corp.*, 853 F.2d 458 (6th Cir. 1988). Plaintiff fails to argue that the court made a mistake in the analysis regarding Plaintiff's standing. Plaintiff instead asserts that the court should grant his "Motion for Reconsideration" because the court should not have granted summary judgment prior to receiving Plaintiff's response and brief in opposition to such. Consequently, Plaintiff asserts that the court was not able to fully consider the issues and evidence before it. Plaintiff further asserts that Defendant, prior to filing the motion for summary judgment, failed to reach concurrence from Plaintiff as required by the Local Rules. He claims the "Motion for Summary Judgment" was therefore improper and should be deemed null and void.

Plaintiff's arguments are unpersuasive. On June 21, 2007, Plaintiff submitted a response to the Defendant's motion for summary judgment with a brief. In doing so, Plaintiff fully exercised his right to respond to Defendant's "Motion for Summary Judgment." After the matter was fully briefed, the court considered the pleadings and relevant authority before granting Defendant's motion for summary judgment on June 26, 2007.

Yet, Plaintiff mistakenly contends that a second, different response, dated June 27, 2007, mailed to Defendant, and filled with this court on July 2, 2007, should also be

taken into consideration. Plaintiff was already afforded the opportunity to fully address all relevant issues in his response and brief filed on June 21, 2007.[1] Even if the court were to take into consideration Plaintiff's subsequent response, Plaintiff still fails to raise any legal or factual basis for this court to grant his "Motion for Reconsideration." Plaintiff simply contends that the court incorrectly granted summary judgment because his subsequent response would make a "BIG difference in the ruling for 'Motion for Summary Judgment.'" (Pl.'s Mot. Recon. at 3.) This contention is insufficient for the relief Plaintiff seeks.

Plaintiff then cites Local Rule 7.1(b) for the Eastern District Court to argue that summary judgment was improper because Defendant failed to contact him and conduct a conference prior to officially filing the motion. Defendant, however, did attempt to contact the Plaintiff prior to filing its "Motion for Summary Judgment." Defendant was unable to conduct a conference because Plaintiff's failure to provide a phone number where he could be reached. As a result, Defendant's counsel repeatedly requested that Plaintiff contact her to conduct a conference regarding the matter. Plaintiff, however, failed to contact Defendant and as a result the Plaintiff was notified via letter dated June 6, 2007 of Defendant's intention to file a motion seeking summary judgment. For these reasons, the court will deny Plaintiff's "Motion for Reconsideration."

### B. Plaintiff's Amended Complaint

---

[1] For the benefit of Plaintiff, who is proceeding *pro se*, the court on June 20, 2007 issued an order requiring a response to Defendant's motion for summary judgement. Plaintiff subsequently received the court order requiring a response after already filing his initial response motion. Consequently, Plaintiff believed that the court did not receive his response. Plaintiff then filed a second response on July 2, 2007.

Accordingly to Rule 15 of the Federal Rules of Civil Procedure:

> A party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served or, if the pleading is one to which no responsive pleading is permitted and the action has not been placed upon the trial calendar, the party may so amend it at any time within 20 days after it is served. Otherwise a party may amend the party's pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires. A party shall plead in response to an amended pleading within the time remaining for response to the original pleading or within 10 days after service of the amended pleading, whichever period may be the longer, unless the court otherwise orders.

Fed. R. Civ. Pro. 15(a). Here, Plaintiff failed to amend the complaint prior to Defendant's responsive pleading, or within 20 days after the complaint was served upon Defendant. Nor did the Plaintiff obtain leave of court to amend the complaint, or consent from Defendant to do so. Further, Plaintiff does not assert that the additional claims arose out of the same conduct, transaction or occurrences as the original pleading.

Instead, Plaintiff simply attempts to amend the original complaint without stating any reason or justification for why the amendment should be permitted. Even if the court accepted Plaintiff's amended complaint, all federal claims have been dismissed and all state law claims have been remanded to the Oakland County Circuit Court. Therefore, the question of whether Plaintiff can amend the complaint in this court is moot. For these reasons, Plaintiff may not amend the original complaint, and it shall be stricken from the record.

### IV. CONCLUSION

IT IS ORDERED that Plaintiff's "Motion for Reconsideration" [Dkt #11] is DENIED.

5

IT IS FURTHER ORDERED that Plaintiff's "Amended Complaint" [Dkt #12] is STRICKEN.

        S/Robert H. Cleland
        ROBERT H. CLELAND
        UNITED STATES DISTRICT JUDGE

Dated: July 17, 2007

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, July 17, 2007, by electronic and/or ordinary mail.

        S/Lisa Wagner
        Case Manager and Deputy Clerk
        (313) 234-5522